JOHN E. SHAFER ET AL., APPELLANTS, v. BOARD OF
EQUALIZATION OF HAMILTON COUNTY, NEBRASKA,
ET AL., APPELLEES.

95 N. W. 2d 632

Filed March 27, 1959. No. 34536.

*Charles F. Adams,* for appellants.

*John W. Newman* and *Homer G. Hamilton,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This litigation involves a controversy concerning the value on March 1, 1956, of Lots 10, 11, and 12, Coblentz Addition to the city of Aurora, for taxation purposes. The lots were owned by appellants and they were improved by a house constructed on them. The valuation of $26,469 was placed on the property and this was sustained by the district court.

The county assessor testified that he observed the construction of the residence on the lots. He did not testify that he was at any time on the premises. He did state that he was not in the house at any time. A memorandum, described in the record as a card, filled out by a representative of a professional appraiser, was

delivered to the assessor who examined and checked it for mathematical accuracy. He found no error in the card made in reference to the property involved in this case and he made no change in it. He accepted the replacement cost or value as stated thereon less 6 percent thereof as the value of the building on the lots. The assessor stated that he took the amount shown on the card as replacement value, less 6 percent, as market value, computed 74 percent of that, and called the result the basic value. He said that was the formula he followed. The resolution of the county board of equalization of the county, hereafter referred to as appellee, provided that the basic value of real property assessed in that county was determined to be 70 percent of actual or market value. The assessor, in disregard of this, used in this matter 74 percent.

The persons who were witnesses and testified as to the value of the Adams property in case No. 34534, except Charles F. Adams, testified as to their opinion of actual or fair market value of the property of appellants on March 1, 1956, as follows: P. J. Refshauge, $20,000; Paul C. Huston, $20,376.73; W. Ed Coblentz (who owned all of Coblentz Addition to the city of Aurora except the property of appellants), $21,000; and Joseph V. Cunningham, $19,250. John E. Shafer testified that the value of the property of appellants was on that date $19,000.

The representative of an appraisal firm mentioned in the opinion in case No. 34534 and who was a witness therein also testified in this case, No. 34536. The testimony was identical as to each case except as to the amounts of the computations he made and the figures he stated. He said that the testimony he gave in the Adams case, No. 34534, was applicable to this case, No. 34536, except as to amounts. He said the same procedures were used in reference to the appraisal of the Adams property and the appraisal of the property of appellants.

The amount determined by the representative of the appraisal firm as the replacement value or cost of the building on the lots of appellants was $26,900. He applied to that the depreciation according to the manual of 6 percent and this resulted in $25,285, which was called the physical value. This was the computation the assessor accepted as the value of the building on the lots. The conceded value of the lots was added to $25,285 and this produced a result of $26,469 which was the valuation placed on the real estate of the appellants in this case. The assessor accepted this valuation of the property and the board of equalization left it as it was. The record is clear that the assessor accepted the valuation furnished by the professional appraiser and the board of equalization merely accepted the valuation adopted by the assessor.

What is said in case No. 34534 concerning the acts and testimony of the representative of the professional appraiser is applicable to this case. The decision in this case is dictated and controlled by the opinion in case No. 34534.

Appellants sustained the burden placed on them in this case. Their real estate was overvalued for taxation purposes as of March 1, 1956. The actual fair market value of the real estate of appellants as of that date is determined to be the sum of $20,000.

The judgment should be and it is reversed and the cause is remanded with directions to the district court for Hamilton County to render a judgment in this cause in harmony with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.